## WHETSTONE v BLANK

Ohio Appeals, 3rd Dist, Auglaize Co

Decided May 7, 1937

T. R. Hamilton, Lima, for appellant.

Anderson & Lusk, Wapakoneta, for appellee.

## OPINION

By CROW, J.

On January 31, 1935, exceptions to the final account of a guardian of the per-son and estate of an insane person, were filed in the Probate Court of Auglaize County, Ohio, and on February 25, 1935, amended exceptions were filed by except-or to that account. Upon trial of the amended exceptions, April 4, 1936, they were overruled; on April 16, 1936, notice of appeal on questions of law and fact to the Common Pleas Court was filed in the clerk's office, by exceptor. as was also a praecipe for a transcript; and on the same day notice of appeal on questions of law and fact to the Court of Appeals, and praecipe for transcript were likewise also filed. The transcript in this court sets forth the notice of appeal to the Common Pleas Court and praecipe for transcript there, ahead of the filing of the notice of appeal to the Court of Appeals and the praecipe for transcript, and there is no other evidence pertaining to the time of the several filings or any of them.

On the 19th day of May, 1936, appellee filed in this court a motion to dismiss the appeal here for the reason that the "cause is now pending on appeal from the Probate Court in the Common Pleas Court of Auglaize County, between the same persons, involving the same questions as the cause pending in this court."

That motion has been heard and the decision of it is the matter now in hand.

Can the appeal stand in this court where by virtue of **Article 6, §4, of the Constitution of Ohio,** the sole jurisdiction is to review, affirm, reverse or modify the judgment, the case not being a "chancery" one?

The appeal to the Common Pleas Court, having been on questions of both law and fact, the case pends there for trial and judgment precisely as the case stood in the Probate Court before trial therein; otherwise stated, the case in the Common Pleas Court is for trial de novo.

Prior to the decision of the case reported in 122 Oh St 406, the Supreme Court of Ohio had made some conflicting pronouncements on whether an appeal vacated a judgment or suspended it, but in that case which is the latest in that court on the question, it is held that an appeal does not vacate the judgment but does suspend it.

The jurisdiction of the Common Pleas Court, of the appealed case made on the amended exceptions and of its every feature is absolute, and when judgment shall have been there rendered on the merits, such judgment will supplant the judgment

of the Probate Court from which the appeal was taken. What, then and thereafter would be the status of the judgment of the Probate Court in relation to any pronouncement this court might make in the exercise of its jurisdiction to review, affirm, reverse or modify that judgment? Surely when that judgment shall have been supplanted by the judgment of the Common Pleas Court it would no longer possess any vitality whatsoever. wherefore any judgment this court might award, could not possibly affect any of the rights of any of the parties in their relation to the judgment of the Probate Court.

If, however, before the Common Pleas Court pronounced judgment, this court would reverse the judgment of the Probate Court, there then would be no judgment to support the appeal to the Common Pleas Court, unless that appeal constituted either a waiver of the right to appeal to this court, or an election between two rights both of which appellant has exercised or unless the two exercised rights of appeal established concurrent jurisdiction in this and the Common Pleas Courts on questions of law, which jurisdiction exists when two separate courts possess the power to hear and determine the same case at the same time.

In whatever attitude appellant should be viewed by this court when regard·is had to the full and complete jurisdiction of the Common Pleas Court and the partial jurisdiction here, his appeal should not survive in this court because if there was neither waiver nor election, the appeal was first filed in the Common Pleas Court.

Appellee's motion to dismiss the appeal is sustained.

GUERNSEY, PJ, and KLINGER, J, concur.